IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JUN 12 A 10: 02

CLERK_____
SO. DIST. OF GA

FABIAN HENDERSON,

Plaintiff,

v.

CIVIL ACTION NO.: CV613-008

STANLEY WILLIAMS; BRIAN OWENS;
JAMES DEAL; WAYNE JOHNSON; ERIC
SMOKES; and ANDREW McFARLANE,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Plaintiff filed a Motion for Summary Judgment. Defendants filed a Motion to Dismiss, and Plaintiff filed a Response. Defendants filed a Reply. Defendants also filed a Response to Plaintiff's Motion for Summary Judgment. For the reasons which follow, Defendants' Motion should be **GRANTED**. Plaintiff's Motion for Summary Judgment should be **DISMISSED** as moot.[1]

## STATEMENT OF THE CASE

Plaintiff names as Defendants: Stanley Williams, Warden; Brian Owens, Commissioner of the Georgia Department of Corrections; James Deal, Deputy Warden; Wayne Johnson, Deputy Warden; Eric Smokes, Unit Manager; and Captain McFarlane. Plaintiff contends that the Defendants breached security at Smith State Prison because the prison is short-staffed and there were no periodic searches for weapons conducted

---

[1] Plaintiff's Motion for Summary Judgment is devoid of merit or supporting documentation.

AO 72A
(Rev. 8/82)

in an effort to prevent violence. Plaintiff asserts that Defendants disregarded their knowledge of the prevalence of weapons and violence at the prison and failed to take corrective measures. As a result of Defendants' inaction, Plaintiff asserts, he was stabbed several times by other inmates. (Doc. No. 1, p. 6). Plaintiff also asserts that Defendant Johnson did not provide the proper care and treatment for his (Plaintiff's) injuries.

Defendants contend that Plaintiff failed to exhaust his administrative remedies before he filed his Complaint. Defendants also contend that Plaintiff's Complaint does not set forth a plausible claim for relief. Finally, Defendants contend that they are entitled to qualified immunity.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that Plaintiff failed to complete either step of the grievance process before he filed his Complaint. Defendants allege that, as of the date their Motion was filed, Plaintiff still had not exhausted his administrative remedies.

2

AO 72A
(Rev. 8/82)

Defendants state that Plaintiff filed Grievance Number 140296 on December 26, 2012, and alleged that another inmate stabbed him on December 21, 2012. Defendants contend that Plaintiff filed his cause of action on January 28, 2012, which was less than the forty (40) days in which the Warden had to respond to this grievance. Defendants further contend that Plaintiff admits in his Complaint that he did not file an appeal of his grievance prior to filing suit.

Plaintiff asserts that the new two-step grievance procedure was made effective eleven (11) days prior to the filing of his grievance. Plaintiff contends that he failed to exhaust his administrative remedies because he did not know about the new grievance procedure or because he had never filed a grievance and did not know about his failure to exhaust. Plaintiff also contends that, once he learned of the grievance procedure, he attempted to exhaust his remedies by filing an out-of-time appeal, which is still pending. Plaintiff further contends that Michael Mourad informed him that, "After reviewing the grievance and Warden's response, the grievance [was] denied and wasn't appealable." (Doc. No. 23, p. 2).

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v.

Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure IIB05-0001, which became effective on December 10, 2012, no longer requires an inmate to attempt to informally resolve his complaint before filing a formal grievance. (Doc. No. 18-4, p. 5). An inmate can file, with a few exceptions, "a grievance about any condition, policy, procedure, or action or

4

lack thereof that affects the [inmate] personally." (Id. at p. 6). An inmate must submit a grievance form "no later than 10 calendar days from the date the [inmate] knew, or should have known, of the facts giving rise to the grievance." (Id. at p. 8) (emphasis in original). The warden has a period of forty (40) calendar days from the date the inmate gave his grievance to the counselor to respond. An extension of ten (10) calendar days can be granted once, provided the inmate is advised in writing of the extension before the original 40 calendar days have expired. (Id. at p. 11). An inmate can file an appeal with the Commissioner's Office in the following instances: if the grievance coordinator rejects his original grievance; after the warden responds to the original grievance; or the time allowed for the warden's decision has expired. The inmate has seven (7) calendar days in which to file this appeal. (Id. at p. 12). The Commissioner has 100 calendar days after receipt to render a decision. (Id. at p. 13). Time limits may be waived for good cause. (Id. at pp. 9, 12).

Plaintiff gave the counselor Grievance Number 140296 on December 26, 2012, and stated that he was stabbed by other inmates on December 21, 2012, because "prison administration" knowingly and recklessly disregarded the prevalence of weapons and violence. (Doc. No. 18-5, p. 2).[2] The Warden then had forty (40) days, or until February 4, 2013, to provide Plaintiff with a response or to request an extension of time to respond. (Doc. No. 18-9, p. 2). The Warden did not provide a response in that time frame. Instead of waiting until February 4, 2013, to await the Warden's response or to allow for the time for the Warden's response to elapse, Plaintiff

---

[2] This Grievance Form contains a pre-printed number of 104753, and this number was handwritten as well. The handwritten number was crossed out, and this grievance was given the new number of 140296. (Doc. No. 18-5, p. 2).

5

completed his Complaint on January 16, 2013, and it was filed in this Court on January 28, 2013. (Doc. No. 1). The Grievance Coordinator informed Plaintiff by notice dated February 5, 2013, that there would be a 10-day extension for the Warden to provide a response. Warden Williams responded to Plaintiff's grievance on February 7, 2013, and Plaintiff received this response on February 13, 2013. (Doc. No. 18-7, p. 2).

Plaintiff did not exhaust his available administrative remedies prior to filing his Complaint. Plaintiff admits in his Complaint and in response to Defendants' Motion that he did not exhaust his administrative remedies before he filed his Complaint. (Doc. No. 1, p. 4. Doc. No. 23, p. 2). Even accepting as true Plaintiff's explanations as to why he failed to exhaust, Plaintiff did not exhaust his available administrative remedies before he filed his cause of action. Plaintiff contends that he was not familiar with the newly-effective grievance procedure. However, even if the prior version of the Standard Operating Procedure had been in place at the time of the alleged event, Plaintiff would not have exhausted his available administrative remedies under that version either because he did not allow the Warden sufficient time to respond to his greivance.[3] In addition, it does not appear that Plaintiff was interested in complying with the grievance process given the fact that he signed his Complaint on January 16, 2013, which was before the expiration of the time for the Warden's response under either version of the

---

[3] The previous version of Standard Operating Procedure ("SOP") IIB05-0001 set forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure. First, an inmate had to file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." An inmate was to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. If the inmate was dissatisfied with the resolution of his informal grievance, he had to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. The Warden had thirty (30) days to respond. Once an inmate received the Warden's response to his formal grievance and was dissatisfied with that response, he had five (5) business days to file an appeal with the Commissioner. The Commissioner's Office had 90 calendar days after receipt of the appeal to respond. (Case No. CV612-88, Doc. No. 46).

Standard Operation Procedure. Further, the Court must discount Plaintiff's assertion that he was informed on some unknown date that his grievance was denied and not appealable, as Plaintiff filed an out-of-time appeal approximately one and a half months after he received the Warden's response to his grievance. Quite simply, Plaintiff did not exhaust his available administrative remedies prior to filing his Complaint on January 28, 2013.

It is unnecessary to address the remaining grounds of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on his failure to exhaust his administrative remedies prior to filing this cause of action. It is further my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DISMISSED**, as moot.

**SO REPORTED** and **RECOMMENDED**, this 12th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE